## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

_____

|  |  |  |
|---|---|---|
| ZACHARY ALAN STARR, individually and derivatively on behalf of the VAN KAMPEN EQUITY AND INCOME FUND, the VAN KAMPEN EQUITY TRUST and the "VAN KAMPEN FUNDS", | : : : : : : | CIVIL ACTION |
|  | : | Case No.  04-CIV-3386 (RO) |
| **Plaintiff** | : : |  |
| v. | : : |  |
| VAN KAMPEN INVESTMENTS, INC., VAN KAMPEN ASSET MANAGEMENT, INC., MORGAN STANLEY DW INC., MORGAN STANLEY INVESTMENT ADVISORS, INC., MORGAN INVESTMENTS, LP, VAN KAMPEN FUNDS, INC., DAVID C. ARCH, J. MILES BRANAGAN, JERRY D. CHOATE, ROD DAMMEYER, LINDA HUTTON HEAGY,: R. CRAIG KENNEDY, HOWARD J. KERR, HUGO F. SONNENSHEIN, JACK E. NELSON, SUZANNE H. WOOLSEY, MITCHELL C. MERIN, RICHARD F. POWERS and WAYNE W. WHALEN, | : : : : : : : : : : : : : : : : |  |
| **Defendants** | : : |  |
| **and** | : : |  |
| the VAN KAMPEN EQUITY AND INCOME FUND, the VAN KAMPEN EQUITY TRUST and the VAN KAMPEN FUNDS, | : : : : |  |
| **Nominal Defendants** | : |  |

_____


## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
## PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED
## DERIVATIVE COMPLAINT

## I.    INTRODUCTION

Plaintiff Zachary Starr ("Plaintiff") hereby moves this Court for an Order pursuant to Rule 15(a) of the Federal Rules of Civil Procedure granting leave to amend his First Amended Derivative Complaint (the "FAC") filed in this action on October 8, 2004.  This motion is filed in lieu of Plaintiff's response to the motion to dismiss filed by Defendants on December 8, 2004.[1]

The Second Amended Derivative Complaint (the "SAC") alleges critical facts that will amplify the Plaintiff's core allegations that the "Adviser Defendants and Fiduciary Defendants breached their duties to the Funds in an effort to enrich themselves by increasing assets under management and thus increase their fees and profits, employing a deceptive and manipulative scheme designed to sell more Fund shares in the short term (and thus increasing fees), but ultimately damaging the Funds." [2] *See* FAC, at ¶ 38.

Specifically, in addition to the revenue sharing and directed brokerage schemes alleged in the FAC, the SAC alleges that the Defendants also permitted, or recklessly disregarded, "market timing" or "late trading" in the Funds in order to increase assets under management and thus their fees.[3]  The market timing and late trading in the Van Kampen Funds occurred during the same time period as the revenue sharing and directed

---

[1] Pursuant to a stipulation with the Defendants that was entered as an Order by this Court on November 17, 2004, Plaintiff's response to the Defendants' motion to dismiss is due on January 24, 2004. A copy of the stipulation is attached as Exhibit A to the Declaration of Timothy N. Mathews filed contemporaneously herewith ("Mathews Declaration").
[2] Capitalized terms will have the same meaning as assigned in the FAC.
[3] "Late trading" is an arbitrage strategy whereby investors purchase or redeem mutual fund shares after the day's Net Asset Value has been determined.  Late trading is in violation of the SEC's forward pricing rule. *See* 17 C.F.R. §240.22c-1(a).  "Market timing" is an arbitrage device whereby investors make rapid in-and-out trades in mutual fund shares in order to profit from the pricing inefficiencies resulting from the forward pricing rule.

brokerage schemes. These schemes were part of the same pattern of conduct whereby the Defendants placed their own interests in maximizing fees in the short term above the interests of the Funds. Notably, the SAC involves the same Defendants, the same transactions, the same causes of action, and the same Plaintiff who continues to own the same Van Kampen Funds.

Contemporaneously with this motion, Plaintiff will file a Notice of Tag-Along with the Judicial Panel on Multidistrict Litigation to transfer this action to the District of Maryland for coordination with the *In re Mutual Funds Investment Litigation* ("MDL 1586").[4] A copy of the Notice of Tag Along is attached as Exhibit B to the Mathews Declaration.

This Motion for Leave to Amend was triggered by recent developments in MDL 1586. Plaintiff's counsel in this action, Chimicles & Tikellis LLP and Wolf Haldenstein Freeman Adler & Herz LLP, were appointed Co-Lead Fund Derivative Counsel in MDL 1586 on May 25, 2004, along with one other firm not involved in this action. In July of

---

[4] On September 3, 2003 the New York Attorney General filed a complaint against Canary Capital Partners LLC, Canary Capital Partners Ltd., Canary Investment Management LLC, and Edward Stern (collectively, the "Canary Defendants") alleging fraudulent schemes to "late trade" and "market time" mutual funds. *See State of New York v. Canary Capital Partners LLC, et al.*, available at: http://www.oag.state.ny.us/press/2003/sep/canary_complaint.pdf.

The New York Attorney General's investigation and complaint sparked an industry wide probe into market timing and late trading, and resulted in numerous regulatory and private civil actions. The Canary Defendants were implicated in market timing and late trading schemes in many mutual fund families.

On February 20, 2004 the Judicial Panel on Multidistrict Litigation transferred 96 civil actions alleging market timing and/or late trading in 6 different mutual fund families to the District of Maryland for coordinated pretrial proceedings. A copy of the February 20, 2004 order is attached as Exhibit C to the Declaration of Timothy N. Mathews. Since then, hundreds of additional actions involving at least fourteen additional fund families have been transferred to the District of Maryland for coordination with the *In re Mutual Funds Investment Litigation* (MDL 1586).

2004, Lead Counsel in MDL 1586 began settlement discussions with the Canary Defendants. As a result of those discussions, the Canary Defendants produced documents to Lead Counsel in MDL 1586. Those documents were used in connection with Consolidated Amended Complaints filed on September 29, 2004 in MDL 1586. Those documents were *not* used by Plaintiff's counsel outside of MDL 1586. *However*, on December 6, 2004, Lead Counsel for the plaintiffs in MDL 1586 and the Canary Defendants filed a stipulation on the record in MDL 1586 staying all MDL 1586 actions against the Canary Defendants in contemplation of settlement and the stay was approved by Paperless Order on December 8, 2004 by the Judges[5] assigned to MDL 1586.[6] Now that the MDL 1586 plaintiffs' agreement with the Canary Defendants has passed its initial judicial scrutiny, and the expected settlement has received a tentative judicial imprimatur, Plaintiff's counsel is liberated to use information gathered in connection with MDL 1586 in this action.

Plaintiff now has broad public use of additional facts in the Canary documents implicating the Van Kampen Funds in the mutual funds market timing scandal. These facts are set out in detail in the SAC, which is filed as Exhibit A to this memorandum.[7]

---

[5] MDL 1586 is divided among four United States District Judges: Honorable J. Frederick Motz of the District of Maryland, Honorable Catherine C. Blake of the District of Maryland, Honorable Andre M. Davis of the District of Maryland, and Honorable Frederick P. Stamp Jr. of the District of West Virginia sitting by designation.

[6] Copies of the stipulation and the docket entry for the Paperless Order are attached as Exhibits E and F, respectively, to the Mathews Declaration.

[7] A redlined copy of the SAC is filed as Exhibit D to the Mathews Declaration.

## II.    ARGUMENT

### A.    <u>Leave to Amend the First Amended Complaint Should Be Granted</u>

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once as a matter of course any time before a responsive pleading has been served, and then by leave of the Court, and further that "leave shall be freely given when justice so requires."  Plaintiff seeks leave to file an amended complaint, although no responsive pleading has yet been filed[8], because he has amended his complaint once previously.

The seminal case construing Rule 15 is *Foman v. Davis*, in which the Supreme Court held that "the leave sought should, as the rules require, be 'freely given'" unless the amendment raises a concern of: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposing party; or (4) futility of the amendment.  371 U.S. 178, 182-83 (1962); *see also Loewy v. Stuart Drug & Surgical Supply, Inc.*, 1999 WL 76939, *2 (S.D.N.Y. 1999); 3 Moore's Federal Practice ¶ 15.41[1] (3d ed. 1998) (stating that "a liberal pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)" in order to "ensure that all the issues are before the court.").  "It is 'rare' that leave to amend should be denied." *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 123 (2d Cir.1991).

Amending the FAC to include factual allegations that the Defendants permitted or disregarded market timing and late trading in the Van Kampen Funds, in addition to the revenue sharing and directed brokerage agreements, will not change the gist of the FAC.

---

[8] "The Second Circuit has consistently held that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is not a 'responsive pleading' under Fed.R.Civ.P. 15(a)." *Reade-Alvarez v. Eltman, Eltman & Cooper, P.C.,* 2004 WL 2569396, No. 04 CV 2195 (E.D.N.Y. Nov. 12, 2004) (citing *Barbara v. New York Stock Exchange, Inc.,* 99 F.3d 49, 56 (2d Cir.1996)).

*See Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (S.D.N.Y. 1983) (holding that the gist of both complaints was the unlawful agreement and amendment adding additional transactions did not alter it). The gist of both the FAC and SAC is that the Defendants placed their own interests in their personal short term profits above the interests of the Funds in breach of their fiduciary duty, including their fiduciary duty with respect to the receipt of compensation under section 36(b) of the ICA, and violating sections 47 and 48 of the Investment Company Act[9] ("ICA"), sections 206 and 215 of the Investment Advisers Act[10] ("IAA"), and the common law. The additional factual allegations regarding market timing do not change the nature of the wrongdoing, but merely further demonstrate the Defendants' pattern of conduct. No new causes of action will be asserted in the SAC and no new Defendants will be added.

Plaintiff's amendment here raises no concerns of undue delay, bad faith, dilatory motive, undue prejudice to the Defendants, or futility. Therefore, Plaintiff's motion should be granted.

B.    **Plaintiff Did Not Delay in Seeking Leave to Amend the First Amended Complaint**

The Plaintiff seeks leave to amend here with all due haste; there has been no undue delay whatsoever.

Plaintiff's initial complaint was filed in the Northern District of Illinois on February 20, 2004. On April 15, 2004, after negotiations initiated by Defendants, Plaintiff filed a voluntary motion to transfer venue to the Southern District of New York

---

[9] 15 U.S.C. §80a-37 et seq.
[10] 15 U.S.C. §80b-1 et seq.

for the action to be filed as a related action to another action[11] pending here against the same Defendants. Defendants filed a Motion to Dismiss Plaintiff's complaint on July 2, 2004. Pursuant to a stipulation with Defendants, Plaintiff filed the FAC on October 8, 2004. Defendants then filed a Motion to Dismiss on December 8, 2004.[12] This action is thus at the very earliest stages.

Discovery in this action has not commenced, no trial date has been set, and no answer has been filed. *Vulcan Soc. of Westchester County, Inc. v. Fire Dept. of City of White Plains*, 82 F.R.D. 379, 386 (S.D.N.Y. 1979) ("Discovery is at its threshold stage and allowing the amendments will not delay this proceeding."); *Ryan v. Allen*, 992 F. Supp. 152 (N.D.N.Y. 1998) (permitting amendment where discovery had yet to begin and case had not progressed to point where new claims or allegations would in any way delay ultimate resolution of the matter).

The amendment Plaintiff seeks is the result of developments in MDL 1586, as described above. The relevant occurrence that triggered Plaintiff's ability to use documents produced in MDL 1586 occurred on December 8, 2004 just three weeks ago. *Cf. Hazeldine v Beverage Media, Ltd.,* 954 F Supp 697 (S.D.N.Y. 1997) (permitting amendment to add claims six months after discovery of basis for claims).

Even if there were some delay (which there is not), mere delay, absent a showing of bad faith or undue prejudice (which are not present here), does not provide a basis for

---

[11] *In re Morgan Stanley and Van Kampen Mutual Funds Securities Litigation* (C.A.No. 03-8208). The Northern District of Illinois approved the transfer of Plaintiff's action on April 28, 2004.

[12] Plaintiff's SAC will also not remove any allegations in the FAC. Therefore, Defendants will not need to start from scratch in order to respond to the SAC, but rather will simply need to respond to additional allegations. *Kronfeld v. First Jersey Nat. Bank,* 638 F.Supp. 1454, 1460 (D.N.J. 1986) (finding no prejudice to defendants where their motion to dismiss would not be mooted by the plaintiff's subsequent amendment).

the court to deny leave to amend a complaint. *State Teachers Retirement Bd. v Fluor Corp.,* 566 F Supp 939 (S.D.N.Y. 1982). (three year delay, absent bad faith or prejudice to defendants, is not sufficient basis to deny leave to amend).

###     C.    Plaintiff Seeks Leave to Amend the Complaint in Good Faith and With No Dilatory Motive

The Plaintiff proposes amending the FAC to amplify claims already alleged therein by alleging a more fulsome pattern of conduct by the Defendants as they placed their own interests over the interests of the Funds.  Plaintiff's legal claims and the Defendants will remain the same from the FAC to the SAC.

Plaintiff seeks to leave amend his FAC in good faith based on information discovered in connection with recent settlement discussions in MDL 1586.[13]  Although it is likely that the amendment will result in this action being transferred to the District of Maryland for coordination with MDL 1586, that litigation is moving apace and amendment should not significantly delay this action.  Furthermore, even if coordination with MDL 1586 might result in some delay (which it will not since the actions are both essentially at the same stage), the Plaintiff's purpose in seeking leave to amend is not to delay this litigation, but rather to ensure that he "should have a chance to test his claim on the merits." *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) ("Narrow pleading rules should not be applied to foil an honest plaintiff's efforts to gain redress.").

---

[13] "Many of the amendments … are as a result of information recently obtained by plaintiffs. This court is unable to find any bad faith or dilatory motive on the part of plaintiffs or their counsel. Discovery is at its threshold stage and allowing the amendments will not delay this proceeding." *Vulcan Soc. of Westchester County, Inc.*, 82 F.R.D. at 386.

**D.     No Prejudice to Defendants Will Result by Granting Plaintiff's Motion for leave to Amend**

The amendment will not cause any prejudice to the Defendants.  Even if there were prejudice to Defendants (which there is not), prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is "**undue** prejudice to the opposing party." *Foman*, 371 U.S. at 182, (emphasis added); *see also MacDraw, Inc. v. CIT Group Equip. Financing, Inc.*, 157 F.3d 956, 962 (2d Cir.1998).

In determining whether the party opposing amendment will be unduly prejudiced by its allowance, courts consider whether the amendment would (1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the dispute; or (3) prevent a plaintiff from bringing a timely action in another jurisdiction. *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  Only the first two considerations are relevant here.

No trial date has been set and discovery has not yet commenced in this action. Therefore, amendment will not delay resolution of this action or require the Defendants to expend significant additional resources on discovery and preparation. *See A.V. by Versace Inc. v. Gianni Versace,* 87 F.Supp2d 281, 299 (S.D.N.Y. 2000); *compare Schnepf v. Siegel*, 1998 WL 474132, *4 (S.D.N.Y. July 11, 1998) (denying amendment where discovery had been closed and "new claim would require new discovery, including the retention of additional and different expert witnesses…").  There will be no prejudice to Defendants that might otherwise result from reopening or expanding the scope of discovery. *Cf. Ansam Assoc. Inc. v. Cola Petroleum Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985).

Any time, effort, and money expended by Defendants in preparing their case thus far, before the Plaintiff sought permission to amend, does not amount to a claim of substantial prejudice. *Block*, 988 F.2d at 351. The time Defendants spent researching their opposition to the FAC is not the type of detriment which could in any way constitute undue prejudice to the defendant. *Barbarino v. Anchor Motor Freight, Inc.*, 421 F.Supp. 1003, 1006 (W.D.N.Y. 1976). Moreover, since the Plaintiff does not eliminate any allegations in his FAC, the issues raised in the Defendants' motion to dismiss have not been mooted.

Therefore, the Defendants will suffer no undue prejudice as a result of the amendment.

### E. __The Proposed Amendment Is Not Futile__

The amendment proposed by Plaintiff states a claim for relief and is not otherwise futile. A proposed amendment is only futile if is "subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Versace Inc.*, 87 F.Supp.2d at 298 (*citing Jones v. New York State Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir. 1999)). Futility has been narrowly construed in the Second Circuit.[14] An amendment is not futile "if the plaintiff has at least colorable grounds for relief." *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984) (citation omitted); *see also Madison Fund, Inc. v. Denison Mines Ltd.*, 90 F.R.D. 89, 91 (S.D.N.Y., 1981) ("Although an amendment may be denied if the added claims are frivolous, this is not the time to address the **merits** of the defense.") (emphasis added).

---

[14] "The standard for granting leave to amend is far more liberal than the showing required to survive summary judgment." *Versace Inc.*, 87 F.Supp.2d at 298.

Amendments that have been held to be futile generally are those that are clearly frivolous on their face, such as those where the amendment does not change the allegations in the previous complaint (*see U.S. v. One Tinoretto Painting*, 527 F.Supp. 1071 (S.D.N.Y. 1981)), or fails to cure defects identified by an opinion on a motion to dismiss (*see In re Worldcom Secs. Litig.*, 308 F.Supp.2d 214, 234 (S.D.N.Y. 2004)), or will be barred by a statute of limitations (*see Id.* at 233).

None of these situations is applicable here. The FAC's allegations have never been tested by judicial opinion and therefore there have been no judicially identified defects in the FAC that the SAC fails to correct. The claims in the SAC are also not time barred because the proposed amendment relates back to the initial filing and the statutes of limitation have not yet run.

### (i)    The Amendment Relates Back to the Original Pleading

The Plaintiff's amendment is not time barred because the amendment relates back to the FAC and the Complaint. Under Federal Rule of Civil Procedure 15(c)(2) "an amendment of a pleading relates back to the date of the original pleading when … the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Rule 15(c) should be liberally construed, "**particularly where an amendment does not allege a new cause of action**." *Siegel v. Converters Transp., Inc.*, 714 F.2d 213, 216 (S.D.N.Y. 1983) (internal quotations and citations omitted, emphasis added).

The lynchpin of the inquiry under Rule 15(c)(2) "is whether adequate notice of matters asserted in the amended pleading have been timely given to the opposing party by the general facts alleged in the original pleading." *In re American Express Secs.*

*Litigation*, 2004 WL 632750, No. 02 Civ. 5533, *7 (S.D.N.Y. March 31, 2004) (citing

*Stevelman v. Alias Research Inc.*, 174 F.3d 79, 86 (2d Cir.1999)). Amended allegations

relate back where the gist of the original suit and the amended complaint are the same.

*See Siegel v. Converters Transportation Inc*., 714 F.2d 213, 216 (2d Cir. 1983).

      In *Siegel* the plaintiff brought a shareholder derivative action to recover the

difference between freight rates paid by a shipper and those that the carrier filed in a tariff

with the ICC. *Id.* at 214.  The plaintiff alleged that the payments resulted in illegal

rebates. *Id.*  The plaintiff's first complaint sought compensation for payments between

April 1976 and March 1977. *Id.* at 215-16.  The amended complaint sought compensation

for payments made between May 1975 and March 1977. *Id.*  The court held that the

amended complaint related back to the first complaint because the "gist of both the

original suit and the amended complaint was the **unlawful agreement to pay lower**

**freight charges and commission, and its continuing performance**, not a series of

agreements as to unrelated shipments." *Id.* (emphasis added).  The court noted that

"[w]hen a suit is filed … the **defendant knows that the whole transaction described in**

**it will be fully sifted, by amendment if need be**." Id. (quotation omitted, emphasis

added).

      Here, the Plaintiff's SAC does not allege any new causes of action.  Rather, the

SAC alleges additional facts that amplify the allegations that the Defendants violated

sections 36(b), 47, and 48 of the ICA, section 206 and 215 of the IAA, and breached their

common law fiduciary duties and contractual obligations.

      The gravamen of the FAC is that "[t]he Adviser Defendants and the Fiduciary

Defendants breached their duties to the Funds in an effort to enrich themselves by

increasing the assets under management and thus increase their fees and profits, employing a deceptive and manipulative scheme designed to sell more Fund shares in the short term (and thus increase fees), but ultimately damaging the Funds." FAC at ¶ 38.

As the Plaintiff discovered, the MSDW Partners Program was just one aspect of the Defendants' larger scheme to enrich themselves at the expense of the Funds. The Defendants also permitted or recklessly disregarded market timing and late trading in the Van Kampen Funds in order to increase assets under management, and therefore their fees. Since the gist of the claims in the Plaintiff's SAC has not changed from the FAC, the SAC relates back.

Significantly, it is not necessary for this Court to decide, or the Plaintiff to prove, relation back at this point. That issue is more properly considered on a motion to dismiss. Rather, it is only necessary for this Court to find that plaintiff has a colorable claim that the amendment is not time barred in order to grant leave to amend. *Ryder Energy Distribution Corp.,* 748 F.2d at 783. Plaintiff here clearly has a colorable claim that the amendment relates back.

### (ii)    Plaintiff's Federal Claims Are Not Time Barred

The Plaintiffs claims under sections 47 and 48 of the ICA and sections 206 and 215 of the IAA are not time barred. The Investment Company Act and the Investment Advisers Act do not contain statutes of limitation.[15] Therefore the Court will borrow a period of limitation from a related statute. The Second Circuit has not yet articulated a clear policy and the district courts are not yet in harmony as to the limitations period

---

[15] Section 36(b) of the ICA, however, provides that "[n]o award of damages shall be recoverable for any period prior to one year before the action was instituted." Since this claim relates back to the initial filing date, it is not time barred.

applicable to claims under the statutes. In *Kahn v. Kohlberg, Kravis, Roberts & Co.*, 1991 WL 253024, No. 91 Civ. 5670, *2 (S.D.N.Y. Nov. 20, 1991), the court held that the federal interests in predictability and judicial economy counseled in favor of adopting a uniform statute of limitation, noting that the most closely analogous limitations period was either the one year period found in section 36(b) of the ICA, or the one year from discovery and three years after violation period which governs in the 1933[16] or 1934[17] Acts.[18]

Alternatively, the court in *Korn v. Merrill*, 403 F.Supp. 377 (S.D.N.Y. 1975), applied the New York statutes of limitations, including the New York "Borrowing Statute," which provides that where a cause of action accrues out of state and in favor of an out of state resident, the limitations period **where the cause accrued** will apply. In *Korn*, since the claim was brought derivatively on behalf of a non-resident investment company, the Court held that the cause accrued where the investment company had its principal place of business. *Id*. at 383-87.

This Court need not resolve the issue at this time, however, because in order to grant leave to amend the Court need only find that the Plaintiff has at least a colorable claim that his amendment is not futile. If the Court were to borrow the one year/three year period from the 1933 and 1934 Acts, as the court in *Kahn* was inclined to do, the Plaintiff's claims under the ICA and IAA would survive. First, the Plaintiff discovered the basis for his amendment within one year. Second, the conduct at issue in the amendment, specifically the breaches of fiduciary duty, breach of contracts, and approval

---

[16] 15 U.S.C. §77a et seq.
[17] 15 U.S.C. §78a et seq.
[18] The court in *Kahn* did not decide which period was applicable because the amendment would have been time barred under either. *Id.*

of investment advisory and distribution contracts, occurred at least in part within three years. As the SAC shows, the market timing and late trading occurred between 1998 and 2003.

If, on the other hand, this Court follows the reasoning of the *Korn* court, the applicable limitations period would likely be borrowed from Illinois, where the Funds maintain their principal place of business and the Plaintiff's claims under the ICA and IAA would still survive. A five year limitations period applies in Illinois with respect to claims involving breach of fiduciary duty. ILL. ANN. STAT. ch. 735, act 5 §13-2005. For certain securities claims the limitations period is three years from the date of purchase, or if the party neither knew nor should have known of the violation, three years from the date that the party should have discovered the violation. ILL. ANN. STAT. ch. 815, §5-13. In either case, the Plaintiff's amendment here will not be time barred.

As the SAC demonstrates, market timing and late trading occurred in the Funds from 1998 through 2003. Plaintiff had no means of discovery these activities until very recently, but in any event at least some of the market timing and late trading occurred within three years.

Thus, even in the unlikely event that a Court finds the claims do not relate back, the Plaintiff has, at a minimum, a colorable claim that his amendment will not be timed barred. Therefore his amendment is not futile and his motion should be granted.

### (iii)    Plaintiff's Common law Claims Are Not Time Barred

Similarly, Plaintiff's state common law claims are not time barred, no matter which state's statute of limitations applies to the Plaintiff's common law claims. The Plaintiff's FAC and SAC both allege common law breach of fiduciary duty, aiding and

abetting breach of fiduciary duty, breach of contract, tortious interference with contract, and civil conspiracy.  Whether this Court applies New York's, Illinois', or Delaware's statute of limitations to these common law claims, all claims survive.

In Delaware, a three-year statute of limitations is applied both to claims for breach of contract and breach of fiduciary duty. *See* DEL. CODE ANN. Tit, 10 § 8106 (2004). Under Delaware law, a statute of limitations begins to run when the cause of action arises and could first be brought, absent an applicable doctrine to toll the statute of limitations. *In re Ml-Lee Acquisition Fund II, L.P. and ML Lee Acquisition Fund (Retirement Accounts) II, L.P. Securities Litigation*, 848 F. Supp. 527 (D.Del. 1994); *David B. Lilly Co. v. Fisher*, 18 F.3d 1112 (3d Cir. 1994).[19]

In Illinois, a five-year statute of limitations applies to a breach of fiduciary duty claim and a ten-year statute of limitations is applied to a claim for breach of a written contract. *See* ILL. ANN. STAT. ch. 735, act 5 §13-2005 and §13-206.  In determining when a claim accrued, Illinois applies a discovery rule which holds that cause of action begins to run when the plaintiff knows or through the exercise of appropriate diligence should have known of his injury and that it was wrongfully caused. *McWane, Inc. v.*

---

[19] Delaware has at least two tolling doctrines that could be applicable here, but since Plaintiff is not time barred in any event, it is not necessary to analyze them at this time. "Where the action is 'inherently unknowable,' the statute of limitations is tolled until such time as a person of ordinary intelligence and prudence would have facts sufficient to put them [sic] on inquiry which, if pursued, would lead to discovery" and such person can demonstrate that he was "blamelessly ignorant of the omissions and injury." 848 F. Supp. at 554.  In addition, under Delaware law, the statute of limitations may be tolled under the doctrine of fraudulent concealment where the alleged wrongdoer took steps to affirmatively conceal his actions, thereby preventing the plaintiff from inquiring about his injury. *Resource Ventures, Inc. v. Resources Management International, Inc.* 42 F. Supp 2d. 423, 436 (D.Del. 1999).

*Crow Chicago Indus., Inc.*, 224 F. 3d 582, 585 (7th Cir. 2000); *Kolson v. Kembu*, 869 F.Supp. 1315, 1330 (N.D. Ill 1994).

Under New York law**,** the applicable statute of limitations is six years on the breach of contract claims and on the breach of fiduciary duty claims alleged by plaintiffs. *See* N.Y. CIVIL PRACTICE LAW AND RULES  § 213 (McKinneys 2004). The statute of limitations for breach of fiduciary duty is governed by the underlying claim. *Vasile v. Dean Witter Reynolds Inc.*, 20 F. Supp. 2d 465, 485 (2d Cir. 1998), aff'd. 205 F. 2d 1327. Where, as here, it arises out of the contractual relationship of the parties, the six year statute of limitations is applied. *Id.*

The shortest possible limitations period that could be applicable to the Plaintiff's common law claims is the Delaware three year period.  It is likely that Plaintiff could prove that the statute of limitations was tolled, but even assuming *arguendo* that the limitations period was not tolled, the Plaintiff's claim would still not be time barred, since the bulk of the market timing and late trading occurred within the past three years.

Ultimately, it is not necessary for this Court to decide the statute of limitations issues now.  Rather, it is enough for the Plaintiff to show that he has a colorable claim that the amendment is not futile.

III.    **CONCLUSION**

By his motion Plaintiff seeks to amend in all due haste his First Amended

Derivative Complaint by an amendment that is sought in good faith and not for the

purpose of delay, will not prejudice defendants, and is not futile.  For all of the foregoing

reasons, Plaintiff respectfully requests that this Court grant his motion and permit him to

file his Second Amended Derivative Complaint.

Dated: December 23, 2004
       New York, New York

                                        WOLF HALDENSTEIN ADLER
                                            FREEMAN & HERZ LLP


                            By:    s/ Robert Abrams
                                   Daniel W. Krasner (DK 6381)
                                   Mark C. Rifkin (MR 0904)
                                   Demet Basar (DB 6821)
                                   Robert Abrams (RA 7559)
                                   270 Madison Avenue
                                   New York, NY  10016
                                   (212) 545-4600

                                   CHIMICLES & TIKELLIS, LLP
                                   Nicholas E. Chimicles[*]
                                   Denise Davis Schwartzman*
                                   Timothy N. Mathews*
                                   100 Haverford Centre
                                   Haverford, PA  19085
                                   (610) 642-8500

---

[*] *Pro hac* application pending.